Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8053 | **DATE** | 5/27/2004 |
| **CASE TITLE** | Pedro Espino-Paez vs. John Ashcroft | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, respondent's motion for summary judgment [11-1] is granted. Judgment entered in favor of the respondent and against the petitioner. Case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 8 2004 date docketed | 20 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/27/2004 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEDRO ESPINO-PAEZ, )
)
Petitioner, )
) No. 02 C 8053
v. ) Judge Joan H. Lefkow
)
JOHN ASHCROFT, ATTORNEY )
GENERAL of the UNITED STATES, )
)
Respondent. )

DOCKETED
MAY 2 8 2004

## MEMORANDUM OPINION AND ORDER

Pro se petitioner, Pedro Espino-Paez ("Espino-Paez"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 alleging that respondents continued detention of him is unconstitutional.[1] Before the court is respondents' Motion for Summary Judgment. For the reasons stated below, the motion is granted.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c) Advisory Committee's notes. The

---

[1] The proper respondent to a petition under § 2241 is the person having custody of the petitioner. 28 U.S.C. § 2243. Brian Perryman, who was named as a respondent in Espino-Paez's petition, retired as Chicago District Director of the Immigration and Naturalization Service on March 1, 2003. On the same date, the INS ceased to exist as an independent agency of the Department of Justice, and its functions were transferred to the newly formed Department of Homeland Security. Thus, Perryman is no longer Espino-Paez's custodian and is therefore dismissed as a respondent. There is also some question as to whether the Attorney General is the custodian of an alien awaiting removal. *See Montenegro v. Ashcroft*, 355 F.3d 1035, fn.* (7th Cir. 2004). However, because respondents have not challenged his designation as a respondent, the court will not address the issue.



party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## FACTS

Espino-Paez is a forty-six year old male who is a native and citizen of Cuba. He arrived in the United States in Key West, Florida, on May 27, 1980 on the Mariel boat lift. In 1983, he was convicted of arson and served fourteen months in prison. After an immigration hearing on May 30, 1986, an immigration judge held that Espino-Paez was inadmissible to the United States pursuant to Sections 212(a)(9) and (a)(20) of the Immigration and Nationality Act ("INA"). Espino-Paez did not appeal the decision. However, because the Immigration and Naturalization Service ("INS") was unable to repatriate him to Cuba, he was paroled out of custody pursuant to 8 U.S.C. § 1182(d)(5)(A). In 1990, Espino-Paez was convicted of aggravated battery and served fifteen months in prison. Then, in 1993, Espino-Paez was convicted of second degree murder and subsequently was incarcerated for the next nine years in the Illinois Department of Corrections.

Upon completion of his sentence in June, 2002, Espino-Paez was taken into INS custody as a criminal alien who had never been admitted to the United States. On June 16, 2003, pursuant to 8 C.F.R. § 212.12, a Cuban Review Panel (the "Panel") reviewed Espino-Paez's case in its entirety. The Panel concluded that Espino-Paez was "an extremely dangerous man" who had been released from custody several times in the past and "each time he was released, his crimes escalated until he reached the pinnacle of crime, Murder." The Panel recommended that Espino-Paez remain in custody. On September 12, 2003, the Associate Commissioner for Enforcement of the Department of Homeland Security, Bureau of Customs and Immigration Enforcement, issued a final decision endorsing the Panel's recommendation that Espino-Paez remain in custody. Espino-Paez remains in the custody of the Department of Homeland Security ("DHS"). His case and status will be reviewed by the Panel within one year of the date of the final decision. 8 C.F.R. § 212.12.

## DISCUSSION

Espino-Paez argues that his continuing and "indefinite" detention by the DHS violates his right to due process under the Fifth Amendment. He relies on the United States Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Court considered the constitutionality of the indefinite detention of resident aliens awaiting deportation. The Court held that six months is a presumptively reasonable period of time to effect removal. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 700. "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700. Espino-Paez has been in custody almost two years and he contends, with

good reason, that "there is no reasonable likelihood that respondents can effect exclusion/removal in this case in the foreseeable future." (Petition, at 5.)

However, *Zadvydas* applies only to "aliens who were admitted to the United States but subsequently ordered removed. Aliens who have not yet gained initial admission to this country would present a very different question." *Id.* at 682. Espino-Paez belongs to the latter category of aliens. In *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215-16 (1953), the Supreme Court held that the United States could constitutionally detain an excludable alien indefinitely if his country of origin refused to accept his return. *See also Carrera-Valdez v. Perryman*, 211 F.3d 1046 (7th Cir. 2000)(relying on *Mezei*, finding no constitutional violation in the indefinite detention of an excludable alien who is subject to a mandatory administrative review process that annually reevaluates his parole eligibility). In *Hoyte-Mesa v. Ashcroft*, 272 F.3d 989, 991 (7th Cir. 2001), the Seventh Circuit held that the Supreme Court's holding in *Mezei* "remains unaffected by the *Zadvydas* decision. *Mezei* remains good law, and by extension so too does our holding in *Carrera-Valdez*."

Since Espino-Paez was never granted admission to the United States prior to his exclusion, the Fifth Amendment does not offer him the same protections as resident aliens who are subsequently ordered removed. *Hoyte-Mesa*, 272 F.3d at 991. The Cuban Review Plan provides Espino-Paez with the right to an annual review of his detention by the Cuban Review Panel. 8 C.F.R. § 212.12. This review satisfies his rights to due process. *Hoyte-Mesa*, 272 F.3d at 992.

## CONCLUSION

For the reasons stated above, respondents' motion for summary judgment [#11] is granted.

ENTER: *Joan H. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: May 27, 2004